IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TRAVIS TOBORG ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GEORGIA POWER COMPANY ) <br> ) <br> Defendant. ) <br> _____) | Civil Action No. <br><br> 1:21-CV-04780-SDG-LTW <br><br><br> <u>JURY TRIAL DEMAND</u> |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**COMES NOW** Plaintiff and respectfully states his claims as follows:

**Preliminary Statement**

1.

This action is brought seeking remedies under the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (hereafter "Title VII").

**Jurisdiction and Venue**

2.

Jurisdiction of the claims in this Complaint is conferred by 42 U.S.C. § 1981. This case presents a federal question under 28 U.S.C. §§ 1331, 1343(a)(4).

-2-

Plaintiff requests that this Court exercise pendant jurisdiction over his remaining state law claims.

3.

Venue is proper in the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1391.

**<u>Parties</u>**

4.

Plaintiff, Travis Toborg, is a resident of the Northern District of Georgia.

5.

At all times material hereto, Defendant Georgia Power Co. was and is a domestic profit corporation authorized to do business in the State of Georgia with its principal office located at 241 Ralph McGill Boulevard, Atlanta, Georgia 30308, which is within the Northern District of Georgia. Defendant may be served by delivering a copy of the Complaint to its registered agent for service of process, Kristi Dow, at 241 Ralph McGill Boulevard, Atlanta, Georgia 30308.

## Facts Common to All Counts

6.

At all times relevant hereto, Plaintiff Travis Toborg was a white American male employed by Defendant Georgia Power Co. on December 9, 2020 as a troubleman and journeyman lineman.

7.

On or about July 23, 2020, Plaintiff called Defendant Georgia Power Co.'s Human Resources Department in order to submit a complaint because of a companywide email from the Diversity Inclusion Team that he believed was discriminatory towards white employees. Sometime after this, a Georgia Power chief executive officer (CEO) Paul Bowers initiated an investigation into Plaintiff's social media accounts.

8.

The email included a webinar instructing white employees on "Supporting Black colleagues in their grief and healing process", "Continuing your anti-racism education", and "Tips for talking to your white kids about race."

9.

On December 9, 2020, Mr. Toborg was terminated for alleged social media posts which were discovered shortly after his complaint to the Human Resources

Department. He was not warned that his posts would cause him to lose his job. It was never alleged that his work was not acceptable. He was not given a chance to take corrective action.

10.

Mr. Toborg was told via a letter from Defendant that his termination was based on social media posts on July 20, August 27, September 10, 14, and 19 of 2020 that violated the Electronic Communications Acceptable Use Policy, the Information Management Policy, and the Code of Ethics and Values.

11.

Prior to Plaintiff's discharge, at least one other employee, specifically Martin Layne, was cited for violations of policy regarding a social medial post. Mr. Layne is an African-American male. He was not terminated, but instead received a 12-month probationary period.

12.

At all times relevant hereto, the other employee who was not terminated after being charged with the same or substantially similar violation was an African-American male. Furthermore, no African-American, Hispanic, Asian or other non-white/Caucasian employees were instructed to talk with their children about racism.

## COUNT I - Title VII Claim:  Racial Discrimination

13.

Plaintiff respectfully reincorporates the allegations contained in the above paragraphs as if each were fully set forth herein.

14.

At all times relevant hereto, Defendant was and is an "employer" as defined in Title VII.

15.

At all times relevant hereto, Plaintiff was an "employee" as defined in Title VII.

16.

Plaintiff was qualified for his position with Defendant.

17.

Plaintiff was subjected to retaliation and discrimination based upon his race.

18.

All jurisdictional prerequisites to the institution of a suit under Title VII have been fulfilled as follows:

a) Plaintiffs filed a timely written charge of discrimination with the United States Equal Employment Opportunity Commission. See EEOC confirmation of submission of claim attached hereto as "Exhibit A".

b) Plaintiffs received a "Notice of Right to Sue" from the EEOC which is attached hereto as "Exhibit B"; and

c) The Complaint in this action was filed with the Court within 90 days from the receipt of the "Notice of Right to Sue."

19.

Defendant maintained an employment policy, practice, and selection criteria such that Caucasian employees are censored and received disparate retaliatory and discriminatory treatment compared to their African-American's counterparts.

20.

Defendant's actions complained of above evidence a work discrimination practice and caused Plaintiff's loss of employment, causing him to incur expenses, costs, and attorneys' fees for which Defendant is liable.

22.

At all times relevant hereto, Plaintiff was engaged as a troubleman and journeyman lineman and was working within the course and scope of his employment.

23.

Plaintiff suffered adverse employment actions including termination when he was discharged based on pretextual violation of company policy.

## **COUNT II - Intentional Infliction of Emotional Distress**

24.

Plaintiffs respectfully reincorporate the allegations contained in the above paragraphs.

25.

Defendant's conduct in terminating Plaintiff in violation of established and known Federal law was illegal, extreme, and outrageous, sufficient to justify an award of damages for intentional infliction of emotional distress.

## **COUNT III - Wrongful Termination In Violation of Public Policy**

28.

Plaintiffs respectfully reincorporate the allegations contained in the above paragraphs.

29.

An employee-employer relationship existed between Plaintiff and Defendant.

30.

Plaintiff Toborg was terminated from his job with Defendant.

31.

It is the public policy of the State of Georgia that companies not discriminate because of race.

32.

Plaintiff's termination violated said policy.

33.

Plaintiff's termination caused him to suffer injury and damages.

### **COUNT IV - Negligent Infliction of Emotional Distress**

34.

Plaintiffs respectfully reincorporate the allegations contained in the above paragraphs.

35.

Defendant knew or should have known that the discriminatory termination would cause Plaintiff harm.

36.

Defendant owed a duty to Plaintiff to prevent racial discrimination from occurring on the job site.

37.

Defendant breached its duty to Plaintiffs.

## COUNT III - Punitive Damages

26.

Plaintiff respectfully reincorporates the allegations contained in the above paragraphs.

27.

Defendant's conduct in terminating Plaintiff because of his race was done with "malice or with reckless indifference to the federally protected rights" of the Plaintiff in violation of Civil Rights Act of 1991 (Pub.L. 102-166, codified as 42 U.S.C. § 1981a) sufficient to justify an award of punitive damages as contemplated by said statute for claims brought under Title VII and 42 U.S.C. § 1981.

38.

As a direct and proximate cause of Defendant's breach of duty, Plaintiff was injured and suffered damages.

**WHEREFORE,** Plaintiff respectfully prays for judgment against the Defendant as follows:

(a) Defendant be permanently enjoined from discriminating against Plaintiff on any basis forbidden by Title VII;

(b) Defendant be ordered to compensate, reimburse, and make whole the Plaintiff for all the benefits, past and future, he would have received had it not been for Defendant's illegal actions, including but not limited to back pay, benefits, bonuses, raises, and training, including all relief available under 29 U.S.C. § 1001 *et seq.* Plaintiff should be accorded these benefits which were illegally withheld from the date of his termination until the date he is tendered substantially equivalent employment, with interest on the above withheld amounts to the date of payment;

(c) An award of compensatory damages in an amount to be determined by the jury;

(d) An award of punitive damages to Plaintiff to deter future wrongdoing by the Defendant;

(e) That Plaintiff recover his reasonable attorneys' fees including litigation expenses and costs;

(f) That Plaintiff recover pre-judgment interest; and

(g) Such other relief as the Court deems proper and just.

## Jury Demand

Plaintiff demands trial by jury of twelve persons for all issues in this action.

This <u>18th</u> day of <u>November</u> 2011.

                                            Respectfully submitted,

|  |  |
|---|---|
| SEXTON LAW FIRM, LLC | /s/Jacob A. Weldon |
| 124 Atlanta Street | Jacob A. Weldon |
| McDonough GA 30253 | Georgia Bar No. 966930 |
| (770)-474-9335 |  |
| jacob@sextonlawfirm.com |  |